UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| **EDUARDO HERRERA-MORENO,** | ) ) | |
| Plaintiff, | ) ) | 2:12-cv-01905 JWS |
| vs. | ) ) | ORDER AND OPINION |
| **RICHARD FURMAN and JANE DOE FURMAN husband and wife; CITY OF PHOENIX; JOHN DOES 1-5; JANE DOES 1-5; ABC PARTNERSHIPS 1-5; and XYZ CORPORATIONS 1-5,** | ) ) ) ) ) ) ) ) | [Re: Motion at Docket 32] |
| Defendants. | ) ) | |

At docket 32 defendants Richard Furman, *et al.* ("defendants") move to exclude from evidence any undisclosed opinion of Charles Creasman, M.D. who is listed as a witness for plaintiff Eduardo Herrera-Moreno ("plaintiff"). In particular, defendants seek to preclude Dr. Creasman from offering testimony regarding causation of plaintiff's injury, his future treatment or rebuttal of defendants' expert, Dr. John Bradway, on the basis that plaintiff was required to but failed to properly disclose Dr. Creasman's opinions pursuant to Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.

Plaintiff responds at docket 34 asserting that Dr. Creasman was his treating physician. Plaintiff contends that Rule 26(a)(2)(B)'s requirement for a written report

does not apply, because Dr. Creasman will offer only his opinions as a treating physician about plaintiff's prognosis and future medical costs

Defendants' reply is at docket 35. They argue that Dr. Creasman cannot testify about plaintiff's prognosis and future medical costs because there is no evidence that Dr. Creasman developed his opinions on these points during his treatment of plaintiff.

A treating physician is generally not "retained or specially employed to provide expert testimony," but is instead a "percipient witness of the treatment he rendered and thus not subject to the written report requirement" under Rule 26(a)(2).[1] However, the Ninth Circuit has held that "a treating physician is only exempt from Rule 26(b)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment."[2] If a plaintiff specifically retains treating physicians to review information that they did not review during the course of treatment, then those physicians fall "outside the scope of the 'treating physician' exception insofar as their additional opinions are concerned."[3]

A review of Dr. Creasman's notes suggests that he may have formed some opinion about plaintiff's prognosis because he referred plaintiff to a specialist.[4] However, at this time, it is unclear to the court precisely what relevant opinions, if any, Dr. Creasman may have formed during his treatment of plaintiff.

---

[1] *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 824 (9th Cir. 2011).

[2] *Id.* at 826.

[3] *Id.*

[4] Doc. 32-1 at p. 23.

The court offers the following for the parties' guidance:  Dr. Creasman may testify about his opinions actually formed during the course of his treatment of plaintiff, but he may not function as an expert to rebut defendants' expert medical witness, except to the extent, if any, that opinions formed during the course of treatment are contrary to the defense expert's opinions.  To the extent Dr. Creasman's opinions depend on information outside the course of plaintiff's treatment, they become expert opinions, and testimony about them must be excluded for failure to comply Rule 26(a)(2)(B).  Defendants are directed to raise specific objections at trial to opinion testimony sought from Dr. Creasman which they believe was not formed during his course of treatment of plaintiff.  If such an objection is made, it will be sustained unless plaintiff demonstrates that the opinion is one formed during the course of treatment.

The motion at docket 32 is **GRANTED in part and DENIED in part** consistent with the discussion above.

DATED this 24th day of June 2013.

                                /s/
                       JOHN W. SEDWICK
                 UNITED STATES DISTRICT JUDGE